UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| JASON BROOKS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 3:17-cv-007-GFVT |
| | ) | |
| v. | ) | |
| | ) | |
| COMMONWEALTH OF KENTUCKY, | ) | **MEMORANDUM OPINION** |
| et al., | ) | **AND ORDER** |
| | ) | |
| Defendants. | | |

*** *** *** ***

In 1997, when Jason Brooks was a juvenile, he committed murder and first-degree robbery, and he was subsequently convicted of these crimes and sentenced to life in prison.[1] In 2009, the Kentucky Parole Board interviewed Brooks, but ultimately denied him parole and deferred its next review for 144 months, until 2021. [R. 1-1 at 1].

Proceeding without an attorney, Brooks has now filed a complaint with this Court in which he named the Commonwealth of Kentucky, the Attorney General of Kentucky, and the Kentucky Parole Board as defendants.[2] [R. 1]. Brooks argues in his complaint that he is "being cruelly and unusually punished in light of *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016), and being unlawfully detained under unconstitutional statutes governing parole eligibility." [R. 1 at 5]. Brooks requests a new parole hearing, and he asks this Court to declare Kentucky's parole-related statutes unconstitutional. [R. 1 at 5].

Brooks's complaint is unavailing. As an initial matter, there is no merit to Brooks's Eighth Amendment claim because the Supreme Court case law on which he relies is clearly

---

[1] The Court takes judicial notice of this publically-available information obtained from the Kentucky Department of Corrections' Online Offender Lookup. *See* Kentucky Offender Search, http://kool.corrections.ky.gov/KOOL/.
[2] Brooks has also filed a lawsuit regarding this matter in the Franklin Circuit Court in Franklin County, Kentucky. [R. 1 at 9]. According to Brooks, that state court action remains pending. [R. 1 at 9].

distinguishable from his case. In *Miller v. Alabama*, 567 U.S. 460 (2012), the Supreme Court held that the Eighth Amendment prohibits a sentencing scheme that mandates life in prison *without* the possibility of parole for juvenile offenders. Then, in *Montgomery*, 136 S. Ct. at 718, the Supreme Court held that *Miller* applies retroactively. Thus, as the Sixth Circuit has recognized, *Miller* and *Montgomery* only apply to mandatory sentences of life *without* parole, *see In re Harrell*, No. 16-1048, 2016 WL 4708184, *2 (6th Cir. 2016), and, here, Brooks did not receive a sentence of life without parole. In fact, Brooks's own submission shows that the Kentucky Parole Board provided him with a parole hearing and, when it denied him parole, scheduled him for a future hearing date. [R. 1-1 at 1]. Thus, Brooks's Eighth Amendment claim is baseless.

Brooks nevertheless argues that, while he can formally apply for parole, he is functionally "serving a de-facto life without parole sentence due to the fact that Kentucky statutes governing parole eligibility do not provide juvenile offenders a meaningful opportunity for parole past resentencing as an adult." [R. 1 at 5]. But Brooks does not clearly identify which statutes he is challenging or explain how those statutes run afoul of his rights. And while Brooks also claims that he was not given "a meaningful opportunity to prove rehabilitation" at his last hearing, he neither alleges that he was prevented from presenting arguments or evidence at that hearing nor explains how the hearing was otherwise legally deficient.

Accordingly, **IT IS ORDERED** that:

1. Brooks's complaint [**R. 1**] is **DISMISSED WITHOUT PREJUDICE**.
2. This action is **STRICKEN** from the Court's docket.

This the 8th day of August, 2017.

Gregory F. Van Tatenhove
United States District Judge